IN THE COUNTY COURT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.

DAVID CHESTNUT,
       16- 2009-CC- 0 0 4 1 3 5     -XXXX-MA

       Plaintiff,

**FILED**

v.

MAR 3 0 2009

GC SERVICES LP,

CLERK CIRCUIT COURT

       Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, DAVID CHESTNUT, by and through his attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, GC SERVICES LP, and alleging as follows:

### PRELIMINARY STATEMENT

1.     This is an action for statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692.

### PARTIES

2.     Plaintiff, DAVID CHESTNUT ("Plaintiff"), is a "consumer" as defined by the FDCPA.

3.     At all relevant times herein, Defendant, GC SERVICES LP ("Defendant") or ("GCS") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4.     Defendant is a corporation that is authorized to do business and maintains an office in Duval County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. GCS

5.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6.      Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7.      Defendant regularly collects debts from consumers such as the Plaintiff.

8.      On or about January 9, 2009, Plaintiff received a phone call at his place of employment from the Defendant in connection to Defendant's attempt to collect the aforementioned debt.

9.      The conversation referenced in paragraph eight (8) was the first communication between Plaintiff and Defendant in regard to the aforementioned debt.

10.     During this initial conversation, Defendant informed Plaintiff that he could avoid having his wages garnished if he immediately made arrangements to pay the debt.

11.     Soon after said conversation, Plaintiff received a written correspondence from the Defendant, which was the first written communication Plaintiff received from the Defendant, and also instructed Plaintiff to immediately pay the debt at issue. (See copy of letter dated January 6, 2009, attached hereto as Exhibit "A").

12.     The aforementioned written correspondence was accompanied by a return envelope so that Plaintiff could immediately pay the debt.

13.     Defendant overshadowed the FDCPA's thirty (30) day dispute period by demanding immediate payment of the aforementioned debt.

14. Defendant threatened to commence garnishment proceedings within the first thirty (30) days following its initial contact with the Plaintiff.

15. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

> a. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to take legal actions against Plaintiff within the first 30 days after the initial communication with Plaintiff, thereby overshadowing Defendants required notification to Plaintiff regarding the 30 day dispute period in violation of 15 U.S.C. §1692g(b);

> b. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to levy an administrative garnishment on Plaintiff within the first 30 days after the initial contact between Defendant and Plaintiff in violation of 15 U.S.C. §1692e(5); and

> c. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, DAVID CHESTNUT, by and through his attorneys, respectfully prays for judgment as follows: ·

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
9369 Sheridan Street, Ste. 656
Cooper City, FL 33024
(954) 212-2184
(866) 577-0963 fax

By:_____
Alex D. Weisberg, Esq.
FBN: 0566551

**EXHIBIT A**

GC Services Limited Partnership
Collection Agency Division
6330 Gulfton, Houston, TX. 77081

YOU OWE

ECMC

BALANCE DUE
$7,234.80*

P. O. Box 32500
Columbus, OH 43232-0500

ACCOUNT NUMBER

220204

January 06, 2009

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

# BALANCE DUE STATEMENT

0271400002202046 - PL1/EC   220204
DAVID A CHESTNUT

901 25TH AVE APT C5
PHENIX CITY AL 36869-5344

Educational Credit Management Corp.
N W 8606
PO BOX 75848
ST. PAUL, MN 55175-0848
1-866-827-9670

## PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.

Dear David A Chestnut:

Your account with Educational Credit Mgmt Corp
(ECMC) has been referred to our firm for collection
activity.

By this time you must realize that you are seriously delinquent.

To avoid further collection activity, send payment in full in the
enclosed envelope. Please include this letter to assure proper
credit of your payment. Indicate your account number on your check
or money order.

Remit your balance in full or contact our office at
1-866-827-9670 (toll-free).

Yours Very Truly,

Dave Finney
Collection Manager

* As of the date of this letter, you owe $7,234.80.
Because of interest, late charges, and other charges that
may vary from day to day, the amount due on the day you pay
may be greater. Hence, if you pay the amount shown above, an
adjustment may be necessary after we receive your check, in
which event we will inform you.

0760-16
NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION